ing of the requirement of the constitution that taxes must be ad valorem and uniform, nevertheless assessments for local improvements, such as street paving and sewerage, are an exercise of the taxing power." In 1 Page & Jones on Taxation by Assessment, 13, § 8, it is said: "By the great weight of authority a local assessment, levied in return for the benefits conferred upon the property assessed by the improvement for which the assessment is levied, is a kind of tax. The power to levy local assessments is said to be 'essentially a power to tax.' The power of levying a local assessment is 'distinguishable from our general idea of a tax, but owes its origin to the same source or power.' This proposition means, primarily, that an assessment is an enforced contribution for a public object. It is a public tax in the sense that it is levied for a public object; it is a local tax in the sense in which most public taxes are local—that it is limited to a certain locality." The conclusion announced above is based upon the essential nature and character of the execution which the city was authorized to issue, and it is not necessary to invoke the provisions in the charter of the city that "all further. proceedings on said execution as to advertising and selling the property shall be the same as in case of advertisement and sale under tax executions in the city." The lien upon the property in question having the rank of a tax lien, its dignity would take rank under the statute above quoted (Civil Code (1910), § 3333), and consequently would take priority over a prior mortgage. The court erred in finding the property not subject.

*Judgment reversed. All the Justices concur.*

---

PERDUE *et al. v.* CITY OF HAPEVILLE *et al.*

This case coming before this court for a decision by six Justices, the question being whether the trial court erred in sustaining a demurrer and in dismissing the petition, and the Justices being divided in opinion, Russell, C. J., and Hill and Hines, JJ., being of the opinion that the judgment of the trial court should be reversed; and Beck, P. J., and Atkinson and Gilbert, JJ., being of the opinion that it should be

Appeal and Error, 4 C. J. p. 1122, n. 35.
Courts, 15 C. J. p. 966, n. 78.

affirmed, the judgment of the lower court stands affirmed by operation of law.

No. 5392. FEBRUARY 15, 1927.

Equitable petition. Before Judge Pomeroy. Fulton superior court. March 23, 1926.

*Hutcheson & Morris* and *Lucius S. Bellinger,* for plaintiffs.

*H. A. Allen, Hooper & Hooper,* and *W. C. Munday* for defendants.

---

DOUGLAS *v.* HARDIN, administratrix, *et al.*

The direction of a verdict finding against a plea of res adjudicata is not such a final judgment as is subject to review by direct bill of exceptions. The ruling may be excepted to by exceptions pendente lite, upon which error may be assigned in a bill of exceptions containing an exception to a final judgment; but the error alleged to have been committed can not be reviewed in the Supreme Court until there has been a final judgment in the lower court, because this court is without jurisdiction until there has been a final judgment upon the petition to which the plea was addressed.

No. 5422. FEBRUARY 15, 1927.

Ejectment. Before Judge E. D. Thomas. Fulton superior court. March 8, 1926.

*Lee Douglas,* for plaintiff in error.

*Little, Powell, Smith & Goldstein,* contra.

RUSSELL, C. J. There is a motion to dismiss the writ of error, because there has been no final judgment. The motion must be sustained, because, until there has been a final judgment in the lower court, this court is without jurisdiction to deal with the subject-matter. Irrespective of the pendency of any previous litigation, and without reference to the question of costs, the rule is inflexible that only exceptions pendente lite can be filed unless there has been a final judgment disposing of the case adversely to the party who seeks a writ of error, or a refusal of the court to render a judgment in his favor, which, if it had been so rendered, would have been a conclusion of the issue. In the case at bar the court directed a verdict against a plea of res adjudicata. This left the plaintiff's case still pending in the court for trial, and consequently was not a final judgment. If there had been a ver-

Appeal and Error, 3 C. J. p. 433, n. 7; p. 441, n. 45; p. 443, n. 59; p. 461, n. 59; p. 492, n. 57; p. 494, n. 87, 89.